HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KRISTINE WOOD, an individual, | CASE NO.  3:24-cv-00383-RAJ |
| Plaintiff, | **ORDER** |
| v. | |
| STATE FARM FIRE & CASUALTY COMPANY, a corporation, | |
| Defendant. | |

THIS MATTER comes before the Court on Plaintiff's Motion to Waive Requirement of Geographic Boundaries ("Plaintiff's Motion").  Dkt. # 14.  Defendant opposes Plaintiff's Motion.  Dkt. # 16.  For the reasons stated below, the Court DENIES Plaintiff's Motion.

Plaintiff seeks *pro hac vice* admission of Attorney Dale Shelton, of Property Claims Attorneys, despite the firm not securing local counsel.  Dkt. # 14.  Plaintiff seeks to waive the local-counsel requirement for *pro hac vice* admission.  *Id*.  Local Rule 83.1(d)(2) provides that, "[t]o qualify to serve as local counsel, an attorney must have a physical office within the geographic boundaries of the Western District of Washington

and be admitted to practice before this court."  The firm has one attorney, Charles

Pearson, admitted to the Western District of Washington, but his office is in not in

Washington State.  *See id*.  Plaintiff's Motion does not set forth a legal basis for waiving

the local-counsel requirement.  Therefore, Plaintiff's counsel has not satisfied LCR

83.1(d)(2), and the Court will not waive any requirements.

Further, Plaintiff's counsel fails to meet the basic requirements for applying for

*pro hac vice* admission pursuant to the local rules.  An application to appear *pro hac vice*

requires:

> (1) the name and address of the applicant's law firm; (2) the basis upon which "particular
> need" is claimed; (3) a statement that the applicant understands that he or she is charged
> with knowing and complying with all applicable local rules; (4) a statement that the
> applicant has not been disbarred or formally censured by a court of record or by a state bar
> association; and (5) a statement that there are no pending disciplinary proceedings against
> the applicant. This application, which can be downloaded from the court's website, must
> be filed electronically by local counsel. Applications filed under this rule will be approved
> or disapproved by the clerk.

LCR 83.1(d)(1).  Here, Plaintiff has failed to meet the basic requirements of filing an

application for leave for Mr. Shelton to appear *pro hac vice* in this matter.

Therefore, the Court **DENIES** Plaintiff's Motion.  Dkt. # 14.  At this time, the Court

denies Mr. Shelton leave to participate in this matter *pro hac vice*.

Dated this 8th day of October, 2024.

The Honorable Richard A. Jones
United States District Judge